85 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rizalina ABELLAN, Plaintiff-Appellant,
v.
FAIRMONT HOTEL, Defendant-Appellee.
 No. 95-16368.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rizalina Abellan appeals pro se the district court's summary judgment in favor of the Fairmont Hotel in her employment discrimination action alleging, among other claims, that the Fairmont violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, by failing to promote her from pantry person to "Garde Manger," a semi-supervisory position, due to her gender. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We are unable to discern from appellant's opening brief what issues she wishes to raise on appeal. Nevertheless, we have reviewed the record de novo, and we conclude that it fully supports the grant of summary judgment in favor of the Fairmont Hotel. See Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989) (appellate court reviews summary judgment de novo, and may affirm on any ground finding support in the record).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of Abellan's practice of filing frivolous papers, we will not entertain a petition for rehearing in this action. Cf. Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir.) ("[t]his court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis"), cert. denied, 111 S.Ct. 1082 (1991); Viser v. Supreme Court of Calif., 919 F.2d 113 (9th Cir.1989). The mandate will issue forthwith
 Appellant's motion for an extension of time to file additional citations, filed on April 19, 1996, is denied as moot.